## ALEXANDER R. PHYFE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Evidence — measure of damages for loss of business, occasioned by plaintiff's being confined to his house by reason of an injury to him resulting from the defendant's negligence.*

Appeal from a judgment, entered on a verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was brought for the recovery of damages sustained by an injury to the plaintiff, received while attempting to enter a car of the defendant at one of its stations. The testimony on the part of the plaintiff showed that as he entered the cars while the train was stopping at the station, the gate was shut against him and he was pushed by the brakeman so that he fell on the platform and sustained internal injuries which laid him up and kept him wholly from his business for some ten or twelve days, during which time

his business suffered greatly from his absence; and that his injuries affected him more or less for some months afterwards, and were likely to continue so to do.   On the subject of damages sustained by the plaintiff, by reason of inability to attend to his business during the period he was confined to his house, no proof of actual losses was given, but the plaintiff was permitted to show that the gold and silver in which he dealt was locked up in his safe; that he alone had the combination, and that neither of the four clerks in his employment did or could have access to the gold, and that none was sold; that several of his principal customers called to purchase, but were unable to do so in his absence, and that several customers were for that reason lost to him, they having subsequently gone elsewhere to make their purchases.   The plaintiff was also permitted to show how much he had been accustomed to sell to those customers, and what profit he had made at sales occurring in intervals of a fortnight or so at different times in his business.   This evidence was taken under objection and exception.

The court at General Term said: "It was of course competent for plaintiff to show that he had been rendered unable to attend personally to his business, and had thereby sustained losses, but we think some of the peculiar evidence in this case was altogether too conjectural and speculative to be the basis of a verdict.

"It was not shown that sales could not and would not have been made if the clerks had had access to the gold and silver shut up in the safe, and at just as good profits as though the plaintiff had been present.   The loss of sales and of customers was not caused by the injury sustained by plaintiff, but by his abnormal and peculiar mode of doing his business by keeping the valuables in which he dealt wholly inaccessible to the persons who conducted his business.   Customers came to buy, but the plaintiff chose to keep his goods in his own hands because he could not be personally present to make the sales.   He had a legal right to do that, doubtless, but not to charge the loss of such customers and possible profits to the defendants.   His gold and silver remained on hand.   No evidence was given to show that they had depreciated in value, or that his profits when he came to sell were any less than they should have been if the sales had been made in the usual course of his business to the customers who called.   His commodities were articles not

·likely to depreqiate in value, and not subject to great fluctuations, but readily saleable to manufacturers of jewelry and other articles in which refined gold and silver are used. The evidence received gave scope to the jury to allow as actual damages profits of possible sales not made, because the plaintiff chose to keep the property on hand to be sold to customers when he could do the business personally. Under such circumstances he should at least have shown that when he came to make sales he sustained actual losses. It may be that he made greater profits; and if that were the case, still, if this evidence be a legitimate mode of proving damages, he is recovering, perhaps, where no loss was ever sustained. We think the court opened a wider door for conjecture on the part of the jury than any of the authorities have sanctioned." * * *

*Dorsheimer, Bacon & Deyo,* for the appellant.

*Samuel G. Courtney* and *Ira Shafer,* for the respondent.

Opinion by Davis, P. J.; Brady and Daniels, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.